
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2010
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EFREN VILLANUEVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-766-A |
| | § | |
| TEXAS TECH UNIVERSITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendants, Texas Tech University, Texas Tech University Small Business Development Center ("SBDC"), Kent Hance, Dr. Allen Carrigo, and James Wilhelm, to transfer venue to the United States District Court for the Northern District of Texas, Lubbock Division, the court has concluded that such motion should be granted.

I.

### Background

This action was initiated October 12, 2010, by the filing by plaintiff, Efren Villanueva, of a complaint alleging that while employed at SBDC in Lubbock, Texas, he was discriminated against because of his age, race, and disability, in violation of Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act of 1990 ("ADA"); denied reasonable workplace

accommodations for his disability, in violation of the ADA; and retaliated against for taking leave authorized by the Family Medical Leave Act.

Defendants filed the instant motion to transfer on November 12, 2010. They request that this action be transferred to the United States District Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. § 1404(a) because (1) the Lubbock Division is more convenient for the parties and potential witnesses, who, with the exception of plaintiff, are located in Lubbock;[1] (2) the alleged wrongs took place in Lubbock; (3) all conceivable sources of proof are located in Lubbock; and (4) the public interest would be served by transferring the case to Lubbock.

II.

Analysis

A. Legal Principles Applicable to Defendants' Motion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the language of the statute suggests, the threshold determination under § 1404(a) is whether the action might have been brought in the proposed

---

[1] Plaintiff alleges that he lived in Lubbock at the time the events described in his complaint took place, but that he now lives in Fort Worth.

2

destination venue. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether "convenience" and "the interest of justice" warrant the requested transfer. As the Fifth Circuit explained in In re Volkswagen AG:

> The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [and] the application of foreign law.

Id. (citations omitted).

The party moving for transfer bears the burden of showing that transfer is appropriate. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc), cert. denied, Singleton v. Volkwagen of Am., Inc., 129 S. Ct. 1336 (2009). It must demonstrate based on the factors enumerated above that the transferee venue is "clearly more convenient" than the plaintiff's choice of venue. Id.

B.  Application of Law to This Case

There is no question that this action might have been brought in the Lubbock Division. See 42 U.S.C. § 2000e-5(f)(3) (establishing appropriate venue for actions brought under Title VII). The dispositive issue is whether the convenience of the parties and witnesses and the interest of justice would be served if this action were tried in the Lubbock Division rather than the Fort Worth Division.

Turning to the relevant private interest factors, the court finds that such factors weigh heavily in favor of transfer. The court is satisfied that sources of proof will be relatively more accessible in the Lubbock Division because any non-testimonial evidence relating to plaintiff's claims likely is in the form of documents on file at SBDC, which is located in Lubbock. The court is also satisfied that any potential non-party fact witnesses live and work in and around Lubbock,[2] meaning that compulsory process to secure the attendance of witnesses will more available, and the attendance of willing witnesses will be significantly less costly, in the Lubbock Division. Although venue in the Lubbock Division is less convenient for plaintiff,

---

[2]Plaintiff's complaint mentions several individuals who were witnesses to various events relating to his claims. Defendants Dr. Allen Carrigo ("Carrigo") and James Wilhelm ("Wilhelm") provided affidavits stating that the individuals mentioned by plaintiff work at SBDC and live in Lubbock County. Defs.' Mot., App. at 3, 5. Carrigo and Wilhelm know of no person who is or could be a potential witness (besides plaintiff) that resides in Fort Worth. Id.

any potential inconvenience to him caused by the requested transfer is outweighed by the potential inconvenience to defendants and the non-party witnesses if the action proceeds in the Fort Worth Division.

The only public interest factor having an impact on the analysis -- the local interest in having localized interests decided at home -- also weighs in favor of transferring this case to the Lubbock Division. The alleged unlawful employment practices about which plaintiff complains were perpetrated by a Lubbock employer, through its decisionmakers who are Lubbock residents, against plaintiff, who, at the time, was also a Lubbock resident. Were it not for plaintiff's current residence in Fort Worth, the Fort Worth Division would have no factual connection to this case whatsoever. For these reasons, the Lubbock Division has the most substantial interest in the resolution of plaintiff's claims.

Based on the above analysis the court finds that the Lubbock Division would be a "clearly more convenient" venue for this action than the Fort Worth Division. The court also finds that the interests of justice would be served by a transfer of this action to the Lubbock Division.

III.

Order

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, transferred to the United States District Court for the Northern District of Texas, Lubbock Division.

SIGNED December 8, 2010.

_____
JOHN McBRYDE
United States District Judge